## LOONEY *v.* POTTS.

Opinion delivered March 24, 1924.

FRAUD—BURDEN OF PROOF.—A suit to recover a sum alleged to have been obtained fraudulently by procuring plaintiff, who could not read, to sign a check for more than the intended amount, was not a suit on the check, but for deceit, and the burden of proof was on the plaintiff, under Crawford & Moses' Dig., § 4113, placing the burden of proof "on the party who would be defeated if no evidence were given on either side."

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; reversed.

*Duty & Duty,* for appellant.

The money is alleged to have been received through fraud and false pretenses; the burden of proof was on the plaintiff to show that the money was received by defendant and that he was entitled to recover. 11 Ark. 270. Fraud will never be presumed, and the burden is upon him who alleges it to prove it. 92 Ark. 509; 108 Ark. 415; 149 S. W. 1170; 167 Mo. App. 252; and it is error to hold that the burden is on defendant. 165 S. W. 315. In such case the burden is on plaintiff to show an implied promise to repay. 145 N. W. 932; 63 Atl. 392. Whether the action be in tort or upon an implied contract, the burden is on the plaintiff to show the fraud or deceit. 140 Ark. 509; 6 Fed. 852; 141 Fed. 209; 73 Ark. 561; Bliss on Code Pleading, § 15.

*J. Wythe Walker,* for appellee.

While the burden is on the plaintiff to establish the issue upon which he relies for recovery, it is also upon the defendant to establish his defense. 232 S. W. 572. Where the execution of a note is admitted, but fraud is alleged as a defense, the burden is on the defendant to establish that fact. 82 Ark. 331; 131 Ark. 299. The burden is on the party holding the affirmative. 107 Ark. 462; 121 Ark. 439; 119 Ark. 179; 124 Ark. 244. The burden is upon him who would be defeated if no evidence were given on either side. 95 Ark. 593; 119 Ark. 175. Where the defense is that the account sued on has been paid, the burden is on defendant. 11 Ark. 442; 16 Ark.

243; 32 Ark. 593; 19 N. J. Eq. 164; 34 Ala. 86; 35 N. H. 474; 17 Cal. 569. In actions for money had and received, equitable principles apply. 59 Am. Dec. 751. Under the circumstances of this case, no presumption of the payment of the debt could arise from the delivery of the check. Ann. Cas. 1913D, 1203.

HUMPHREYS, J. This is a suit for money alleged to have been obtained by appellants from appellee, through deceit and fraud, by writing a check for $125 more than was intended. It was alleged that appellee could not read, but had learned to write his name; that he loaned appellants $350, for which amount they executed a note to him, and he, not being able to write, requested J. W. Looney to draw a check for the amount, which he signed, thinking it was drawn for $350; that, several months thereafter, he had his bank book balanced, and discovered that the check had been drawn for $475.

Appellants filed an answer denying that the check was drawn for more than intended, but alleging that it was drawn as directed by appellee to cover the loan of $350 and an item of $125 in cash which was advanced at the time by appellants to appellee.

The cause was submitted to the court, sitting as a jury, upon the pleadings and testimony, which resulted in a special finding that the testimony introduced by the respective parties responsive to the issue joined was equally balanced, and a declaration of law that, while the burden of the whole case rested upon appellee, the burden shifted to appellants to show payment of the check when they admitted that they had received a check for the amount of $475. Being guided by this declaration of law, the court rendered a judgment against appellants for the amount claimed, from which is this appeal.

In making the declaration of law as to where the burden of proof rested, which served as a guide in reaching the verdict, the court confused the gist of this suit, which was for deceit and fraud, with a suit for debt and plea of payment. This was not a suit upon a check to which a plea of payment had been interposed, but was

a suit by appellee against appellants to recover $125 alleged to have been obtained through their deceit and fraud. This character of case comes within the statute which places the burden of proof "on the party who would be defeated if no evidence were given on either side." Section 4113 of Crawford & Moses' Digest.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.