SHELBY v. UNION LIFE INSURANCE COMPANY.

Opinion delivered June 25, 1928.

738

*Linus A. Williams,* for appellant.

*Duty & Duty,* for appellee.

HUMPHREYS, J. Upon a trial of this cause in the circuit court of Franklin County a verdict was returned in favor of appellee, and a consequent judgment was rendered dismissing the complaint of appellants, from which is this appeal.

The suit was brought by the administrator of the estate of R. W. Shelby, deceased, and his widow and heirs at law against appellee to recover $10,000 on two life insurance policies issued to R. W. Shelby on his life, by which it was agreed to pay said amount "to the People's Bank of Ozark (creditor), as its interest may appear, and the balance, if any, to the insured's executors, administrators and assigns, immediately upon receipt of due proofs of the fact and cause of death of the insured during the continuance of this contract, and the surrender of this policy."

On the 11th day of March, 1925, R. W. Shelby died, and on the 17th day of March following the People's Bank of Ozark, through its president and cashier, filed with appellee the following affidavit of his death and of his indebtedness to it at the time:

"State of Arkansas, County of Franklin—ss. We, L. L. Ford and Finis E. Stockton, president and cashier of the People's Bank of Ozark, Arkansas, do hereby make oath as follows:

"We state that Robert W. Shelby of Mulberry, Arkansas, died on the 11th day of March, 1925; that he was the holder of policy No. 740, dated April 17, 1922, and policy No. 2491, dated May 16, 1924, issued by the Union Life Insurance Company of Rogers, Arkansas, in the sum of $5,000 each; and that the People's Bank of Ozark was and is now a creditor of the said Robert W. Shelby, and was named beneficiary in said policies of insurance as its interest may appear.

"We further state that, at the death of the said Robert W. Shelby, he was indebted to this bank in the sum of $10,000 or more, or the full face value of said

policies of insurance, and that said bank is justly and legally entitled to the proceeds of said policies of insurance, and that said indebtedness was and is valid and subsisting and a *bona fide* indebtedness against the said Robert W. Shelby, said indebtedness being evidenced by the following promissory notes, described as follows, to-wit:

"One note date 12-31-24, $1,694; one note date 3-31-22, $4,000; one note date 12-28-23, $860; one note date 12-1-21, $4,000; total $10,554.

"Witness our hands this 17th day of March, 1925. L. L. Ford, president People's Bank of Ozark. Finis E Stockton, cashier People's Bank of Ozark."

"Acknowledgment—State of Arkansas, County of Franklin—ss. On this the 17th day of March, 1925, personally appeared before me, the undersigned, a duly commissioned and acting notary public for and in the State and county aforesaid, L. L. Ford and Finis E. Stockton, respectively, and, after being sworn by me, state that the facts set forth in the above and foregoing affidavit are true and correct. (Seal).

"Witness my hand and seal the day and year above written. My commission expires December 31, 1926. Vint Addy, clerk circuit court."

Based upon this proof of death and indebtedness, appellee paid $10,000, the amount of the policies, to the People's Bank of Ozark, and received a beneficiary receipt from the bank for said amount.

The grounds upon which the recovery was sought were set out in the fourth and fifth allegations of the amended complaint, which are as follows:

"Fourth: That Finis E. Stockton, cashier of said bank, and L. L. Ford, president of said bank, induced said insurance company to pay said policies to said bank by false and fraudulent representations, by filing a false affidavit with the insurance company, representing to said company that, at the time of the death of the said R. W. Shelby, he was indebted to said bank in the sum of $10,554.80.

"Fifth: That in truth and in fact said R. W. Shelby was not indebted to said bank in any sum."

Appellee filed an answer, denying the fourth and fifth allegations in the complaint, and admitting that it paid the face of the policies to the bank upon proof of the death of R. W. Shelby and his indebtedness to the bank shown by the affidavit filed by its president and cashier, heretofore set out in full.

At the conclusion of the evidence the court instructed the jury relative to the burden of proof as follows, over the objection and exception of appellants:

"Gentlemen of the jury, I instructed you awhile ago that the burden of proof is on the defendant, Union Life Insurance Company, to prove the indebtedness of R. W. Shelby to the People's Bank at the time of his death, but I have changed my mind, so I am now instructing you that the burden of proof is on the plaintiff (appellant) to establish this."

The controlling question involved on this appeal is whether the court properly instructed the jury with reference to the burden of proof. There is no ambiguity in the clause designating the beneficiaries in the policies. The People's Bank of Ozark was primarily made the beneficiary in case R. W. Shelby was indebted to it at the time of his death, to the extent of such indebtedness, and the executors, administrators or assigns of R. W. Shelby were made the beneficiaries of any surplus remaining after paying said indebtedness. It was clearly the duty of the insurance company to pay such indebtedness as existed out of the insurance money to the People's Bank of Ozark first. The clause designating the beneficiaries made no particular requirement as to the character of proof that should be made of the death of the insured and the existence of his indebtedness to the bank. We think the affidavit of the death and indebtedness was sufficient showing to warrant the appellee in making the payment. There is no testimony in the record tending to show that it made the payment in bad faith. It is alleged in the fourth and fifth paragraphs of the com-

plaint, upon which a recovery was sought, that the payment was made in bad faith, and that R. W. Shelby owed the bank nothing at the time of his death. It was necessary, in order to recover, to sustain the allegations by weight or preponderance of the evidence. The record fails to reflect any evidence tending to establish either of the allegations. Appellants contend and argue that the burden rested upon appellee to show that R. W. Shelby owed it the amount of $10,000 at the time of his death. In other words, appellants treated the answer of appellee as an acknowledgment of the debt and a plea of payment. The real issues, according to the pleadings, were the allegations contained in the complaint, to the effect that no debt existed, and that payment was made by appellee to the bank in bad faith. If no proof had been taken, necessarily, under the pleadings, the appellee would have prevailed. Section 4113 of Crawford & Moses' Digest provides:

"The burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side."

This court ruled in the case of *Looney* v. *Potts*, 163 Ark. 310, 260 S. W. 23 (quoting syllabus):

"A suit to recover a sum alleged to have been obtained fraudulently by procuring plaintiff, who could not read, to sign a check for more than the intended amount, was not a suit on the check, but for deceit, and the burden of proof was on the plaintiff, under Crawford & Moses' Digest, § 4113, placing the burden of proof on the party who would be defeated if no evidence was given on either side."

The court correctly instructed the jury, in the instant case, that the burden of proof rested upon appellants.

No error appearing, the judgment is affirmed.